IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CT-3049-FL

|                          |   |        |
|--------------------------|---|--------|
| WALTER TIMOTHY GAUSE,    | ) |        |
|                          | ) |        |
| Plaintiff,               | ) |        |
|                          | ) |        |
| v.                       | ) | ORDER  |
|                          | ) |        |
| SERGEANT ZIMMER,         | ) |        |
|                          | ) |        |
| Defendant.[1]            | ) |        |

This matter is before the court on plaintiff's motions for entry of default (DE 36) and for reconsideration (DE 30). Defendant did not respond to the motions and in this posture the issues raised are ripe for ruling.

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint on February 2, 2022, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. The court conducted its initial review of the action pursuant to 28 U.S.C. § 1915A on August 30, 2022, and dismissed all claims except the excessive force claim asserted against defendant Sergeant Zimmer and any John Doe defendants. Plaintiff now moves for reconsideration and for entry of default as to defendant Zimmer.

Plaintiff's motion for reconsideration is not a model of clarity. To the extent plaintiff is seeking reconsideration of the August 30 order, plaintiff has not established the court committed

---

[1]     The court dismissed plaintiff's claims against formerly named defendants Warden Vonn, Captain Stockley, and Lieutenant Lassiter by separate order entered August 30, 2022.

an error of law or fact in that order.    See American Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d

505, 514–515 (4th Cir. 2003).

Turning to plaintiff's motion for entry of default, Federal Rule of Civil Procedure 55(a)

provides that the clerk shall enter default if a party "has failed to plead or otherwise defend."

Here, defendant completed a waiver of service of process pursuant to Standing Order 14-SO-2,

which extended his deadline to answer the complaint to December 26, 2022.    (DE 35); see also

Standing Order 14-SO-2 ¶ 4 ("Any defendant who files a waiver of service pursuant to this

standing order shall have sixty days from the date of the filing of the waiver to answer or otherwise

respond to the complaint.").    Defendant also moved for extension of time to file answer, which

the court granted on December 29, 2022, thereby extending the deadline to February 9, 2023.

Accordingly, defendant has not failed to plead or otherwise defend in this case.

Based on the foregoing, plaintiff's motions for reconsideration (DE 30) and for entry of

default (DE 36) are DENIED.

SO ORDERED, this the 30th day of January, 2023.

LOUISE W. FLANAGAN
United States District Judge

2